THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* KORTRIGHT CRUGER, Appellant.

*Indictment — variance between its allegations and the proof — an objection must first be taken at the trial — how larceny is to be charged under section 528 of the Penal Code — charge as to reasonable doubt.*

The indictment under which the defendant was tried and convicted, charged that he, at a time and place therein named, " did steal, take and carry away one lace pin of the value of eight hundred dollars, and fifty-two diamonds of the value of twenty dollars each, of the property of James Proteus." Upon the trial the evidence showed that the defendant, being lawfully in possession of the pin (of which the diamonds were constituent parts), as agent of the owner, feloniously appropriated the same to his own use. Upon an appeal from the judgment of conviction, the defendant claimed that as the indictment charged only a felonious taking under the first subdivision of section 528 of the Penal Code, while the proof showed no such taking, but an unlawful conversion under subdivision 2 of the same section, there was a fatal variance.

*Held,* that the question could not be raised on appeal, as the objection had not been taken at the trial.

*Quære,* as to whether, under the provision of the Penal Code, the people must set out the facts in an indictment, as formerly required, or may allege merely a felonious taking which would constitute larceny at| common law, or under the Revised Statutes, and then prove on the trial the other facts now declared to constitute larceny by the Penal Code.

The true rule, in respect to "reasonable doubt," relates to the effect which the whole evidence of a case, as presented on both sides, with all its surrounding circumstances, produces upon the minds of a jury, and it entitles the defendant to the benefit of a reasonable doubt which still exists upon the question of guilt, after the jury have fully and fairly considered such evidence and circumstances and find that they fail to produce satisfactory conclusions of the guiltiness of the accused.

APPEAL from a judgment and an order denying a motion for new trial, on the conviction of the defendant of grand larceny in the second degree at the New York Oyer and Terminer.

*Morris A. Tyng,* for the appellant.

*Randolph B. Martine,* district attorney; *De Lancey Nicoll,* assistant district attorney, for the respondent.

DAVIS, P. J.:

The indictment in this case charges that the appellant, at the time and place therein named, feloniously " did steal, take and carry away

one lace pin of the value of eight hundred dollars, and fifty-two diamonds of the value of twenty dollars each, of the property of James Proteus," without stating the particular facts proved on the trial, which were claimed to constitute larceny within the definition of that crime as given by subdivision 2 of section 528 of the Penal Code. Evidence was given on the part of the people on the trial tending to show that the appellant, being lawfully in possession of the pin (of which the diamonds were constituent parts) as agent of the owner, feloniously appropriated the same to his own use; and the question is now made that, inasmuch as the indictment charges only a felonious taking under subdivision 1 of section 528, and the evidence showed no such taking, but, at most, an unlawful conversion under subdivision 2 of the same section, there is a fatal variance between the charge and the proof.

But no such question was raised or made at any stage during the trial; nor does it in anywise appear that the appellant was misled or otherwise injured in his defense by the failure to set forth the facts in the indictment showing that the larceny charged arose upon such a criminal transaction as is declared larceny by subdivision 2 of the section. It is too late, therefore, we think, to raise the question now sought to be urged.

The appellant is in no danger of a further indictment and conviction for the same offense to which the present trial and conviction would not be a bar, because he will always be at liberty, under the plea of *autre fois convict,* to show that he was convicted under this indictment for the same offense that may be specifically charged in another.

We are not called upon, therefore, to determine whether, under the provision of the Code which changes certain other crimes as they were specified and denominated by former statutes into the crime of larceny, the people must set out the facts in an indictment as formerly required or may allege merely a felonious taking which would constitute larceny at common law, or under the Revised Statutes, and then prove on the trial the other facts now declared to constitute larceny by the Penal Code.

A careful study of the evidence in this case shows that there was quite sufficient proof, if the jury accepted as true the people's version of the same, to justify the conviction of the

defendant; and we are able to see nothing in the charge of the court as given and set forth in the case of which complaint can justly be made. It was clear and impartial, and presented fully to the jury the real questions upon which the guilt or innocence of the accused depends. But some exceptions were taken to refusals to charge which require consideration. The court was requested to charge as follows: " The indictment being for the larceny of a certain pin, if the jury believe that the complainant, being the owner of the pin, authorized the defendant to obtain a loan upon it, and the defendant did actually obtain that loan from Mr. Hawkins the witness who has testified as authorized by the complainant, they cannot convict the defendant under this indictment of the larceny of the pin."

The court refused so to charge, and the defendant excepted. At first blush it would seem that this request ought to have been charged; but a critical examination of the case will show that it might have been misleading to the jury if charged in the language of the request. There were two distinct transactions between the complainant and the defendant, and two between the defendant and Mr. Hawkins, in which loans were made by the latter to the former. The first of these was closed up by the repayment of the loan to Mr. Hawkins and the return of the pin to the complainant by the defendant. Afterwards, and in March following, the pin was put into the hands of the defendant again by the complainant as he says for the purpose of a sale at a minimum price of $300, and, as defendant says, for the purpose of a sale or loan; and it was upon what occurred after this return of the pin that the charge of larceny was predicated. Both of these transactions were spread out in evidence before the jury, each of the parties giving his version of the same. A charge in the precise language requested might have misled the jury, without careful explanation to suppose that if either loan by Hawkins was sanctioned by the complainant it would entitle defendant to an acquittal, while it is clear that a finding by the jury in that way, in respect of the first loan, would not necessarily have entitled him to such a verdict. The appellant was not, therefore, entitled to the charge in the form and language requested.

Besides, the request eliminated the element of intention on the part of the defendant for, if the complainant did authorize in

general terms a loan to be made upon the pin for his own benefit that fact would not have authorized a loan for the benefit of the defendant himself to some unknown party whose name was concealed, as well as the fact that any loan had been made, by false representations, as to the whereabouts of the pin and by representing it to be in the possession of a fictitious person for the purposes of a sale, while, in fact, the defendant had fraudulently converted to his own use the proceeds of a loan upon it. We are not able to see that the declension to charge the proposition requested was at all injurious to the defendant, nor that he had a strict right to demand it, and we are of opinion that it was not error to refuse it.

It was no error to refuse to charge in the precise language of the request touching " reasonable doubt." The court charged quite fully on that subject and gave to the defendant the full benefit of the rule, and the judge was under no obligation to subdivide that portion of his charge into "reasonable doubts" upon this or that branch of the case, or upon questions of veracity between witnesses. The true rule in respect of "reasonable doubt" relates to the effect which the whole evidence of a case as presented on both sides with all its surrounding circumstances produces upon the minds of a jury, and it entitles the defendant to the benefit of a reasonable doubt which still exists upon the question of guilt after the jury have fully and fairly considered such evidence and circumstances and find that they fail to produce satisfactory conclusions of the guiltiness of the accused.

The motion for new trial was properly disposed of by the court below, and we think the conviction and judgment must be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.